## MAYFIELD vs. COMEAU.

Three creditors are necessary to form a *concurso*, but three are not necessary to form a meeting.

APPEAL from the court of the fifth district. The judge of the 7th district presiding.

PORTER, J. delivered the opinion of the court. This is an action to recover possession

from the defendant, of a tract of land which the plaintiff purchased at the sale of an insolvent's estate.

The defendant was the insolvent whose estate was sold by auction, and in his answer he has set forth several grounds of defence to the demand contained in the petition. They principally relate to irregularities in the sale, and the proceedings previous thereto. As an insolvent debtor has no right to call in question the legality of the measures pursued by his creditors after his cession is accepted, and a syndic appointed; we are freed from the necessity of examining any of the objections raised, except these, which deny that the cession was accepted, or a syndic duly appointed.

We are, however, of opinion that both these objections are untenable. Three creditors may be necessary to form a *concurso*, but the presence of three is not required to form a meeting. This point has been already decided in the case of *Turcas* vs. *l'Eglise.* The proceedings of the two creditors who appeared before the notary, accepted the cession, and voted for a syndic, appear to us free from any objection, and to have been conducted according to law. 4 *n. s.* 462.

Western Dis, *Sept*, 1828,

MAYFIELD
*vs*,
COMEAU,

The creditor of an insolvent who is put on the *bilan*, cannot object to the regularity of the proceedings in a case where the effect of them is collateral-ly involved, The sale of an insolvent' estate must be made on the same terms, and under the same formalities, as property seized in execution It is an essential prerequisite of sales under execution, that public notice should be given of the time and place at which they are to be made, A purchaser under a forced sale does not acquire a good title, when the formalities of law have not been pursued

Western Dis,
*Sept*, 1828,

MAYFIELD
*vs*,
COMEAUX.

One of the creditors who was placed on the *bilan*, and who failed to appear in the judgment of *concurso*, though duly cited so to do, has intervened in this cause, and in his petition of intervention has stated various matters why the possession claimed should be refused, and the sale to the plaintiff annulled.

These matters may be resolved into the following points:

1. That the creditors were never called to deliberate on the terms of the sale, and that no notice of such meeting was ever given to the interpleader.

2. That if there was such a meeting, a sufficient number of creditors did not attend.

3. That the proceedings were not homologated before the 2d day of December, 1826, and that the property surrendered could not be disposed of previous to the homologation.

4. That the sale was illegally made for cash, when there was no special mortgage on the property.

5. That the sale was not advertised according to law.

All these objections, except that which relates to the advertisement of the property, may

be considered and disposed of together. The

interpleader was put on the *bilan* of the insolvent, and duly cited. Being thus a party to the suit in *concurso*, the judgment of homologation forms *res judicata* against him, and until that judgment be reversed, on appeal or otherwise, he is concluded by all the matters embraced by it. It would be an intolerable abuse to permit the various creditors of an insolvent, after all the proceedings had been gone thro' without objection, to drop in one by one, and try them over again in suits in which the regularity of these proceedings was collaterally involved. This point was decided in this court so far back as the year 1816, in the case of *Dussau's syndics* vs. *Bedeaux. 4 Martin* 450

But the interpleader contends, this homologation does not cure any defects in the sale, because the judgment of the court is prospective—authorising the property ceded to be sold; whereas at the time this judgment was rendered, the land in question had already been disposed of by the syndics. The judgment of homologation is of date the 2d of December. The sale is of the 9th of October, in pursuance of an order of court of the 23d of August preceding.

Western Dis,
Sept, 1828,

MAYFIELD
vs,
COMEAUX,

This irregularity most probably arose from inattention, at the time the judgment was drawn up, to what had been already done in the case. But as the syndic proceeded in strict conformity to law, by applying to the court for, and obtaining, an authorisation to sell the property, we are unable to see any thing which can prevent the court below confirming the sale, when the homologation of the tableau of distribution is there applied for.

It is still, however, contended, on the part of the plaintiff in intervention, that had the evidence which he offered in the court below been received, much would have been shewn to have prevented the sale receiving the sanction of the court.

The act of 1817 directs that the syndics of an insolvent's estate shall, after obtaining an order of the judge, sell the property surrendered by public auction. No length of time is prescribed, by the statute, for the sale to be advertised. But a provision in the late amendments to our code, has taken away all doubt on the subject, by directing the sale of insolvent's property to be made on the same terms, and *under the same formalities*, as property seized on execution. The act of 1826, indeed,

authorises the creditors to vary the terms and

conditions, but does not confer on them the power to dispense with the formalities which the code prescribes; and if it had, as was contended, our conclusions, in this case, must be the same, for the creditors recommended the property to be sold " upon such notice of the time and place of the sale as may be required by law.,' *Louis. code* 2180, *acts of 1826,* 138, § 3.

It is an essential prerequisite of sales under execution, that public notice should be given of the time and place at which they are to be made. The bill of intervention avers, that in the instance before us, there was not any public notice given of the time and place of making the sale, and the bill of exceptions states, that evidence to prove the allegations in the petition, was rejected by the judge. In rejecting such proof, we think he erred. It has been already more than once decided in this court, on authorities which need not be now referred to, that a purchaser under a forced sale does not acquire a good title, where the formalities prescribed by law for the alienation have not been pursued. 4 *Martin* 573, 11, *ibid* 610.

MAYFIELD
*vs,*
COMEAUX.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed: And it is further ordered, adjudged, and decreed, that the cause be remanded, with directions to the judge *a quo* not to reject evidence on the part of the petitioner in intervention, that the property claimed by the plaintiff had not been advertised according to law: And it is further ordered that the appellee pay the costs of this appeal.

*Brownson* for the plaintiff—*Simon* for the defendant.